Levi v. The State.

## MORRIS LEVI v. THE STATE.

SELLING OR ADULTERING LIQUORS. Upon an agreed state of facts submitted to the Court, showing that the plaintiff in error had taken an oath and executed a bond in compliance with the Statute, and that he, two years afterwards, did sell, etc.

*Held,* that the oath and bond being sufficient in form and substance, and in strict compliance with the Statute, and there being nothing in the Statute restricting their obligation to any prescribed period of time, the law has been observed in every particular. The charge of the fact and its admission, are to be taken as an entirety, to be in-

terpreted as a single instrument; and the presentment charging the offence to have been committed in Giles, the venue is sufficiently shown.

Act cited: Act of 1859, Ch. 81, ¾4.

FROM GILES.

Appeal from the Criminal Court. WILLIAM S. McLEMORE, Judge.

N. SMITHSON, for Levi.

ATTORNEY-GENERAL for State.

TURNEY, J., delivered the opinion of the Court.

The presentment is, "that Morris Levi, on the 25th day of May, in the year of our Lord, 1872, in the County of Giles, aforesaid, unlawfully did sell one quart of spirituous and alcoholic liquors to one James Abernathy, and he, the said Morris Levi, had not, at that time, nor prior thereto, appeared before the County Clerk of said County, and taken and subscribed an oath not to mix nor adulterate such liquors by him sold, and that he, the said Morris Levi, had not at that time, nor prior thereto, appeared before the said Clerk and given a bond with good and sufficient security for costs of prosecution arising from violations of the laws of Tennessee made and provided to prevent the unlawful adulteration of spirituous and alcoholic liquors.

This presentment is based upon the Act of 1859–60, Ch. 81, §4; "It shall not be lawful for any person

or persons to sell or offer to sell any spirituous or alcoholic liquors within the State, until he, she or they shall first appear before the County Court Clerk of the County where such liquors are to be sold or offered for sale, and take and subscribe to an oath not to mix or adulterate with any substance whatever, the liquors offered for sale, and give bond in the sum of five hundred dollars, with good and sufficient security, for the payment of all costs arising from prosecutions for violation of the provisions of this Act."

At the trial a jury was waived, and the case submitted to the Court upon the following agreed state of facts, viz: "In this case it is agreed and admitted by the Attorney-General for, and in behalf of the State of Tennessee, and by the defendant, Morris Levi, in proper person, as follows, to-wit:

1. That the defendant, Morris Levi, on the 7th day of March, 1870, appeared before D. A. Welborne, County Court Clerk of said County, and took and subscribed an oath, and executed a bond, of which the certified copy on file is a true copy, which certified copy is hereto attached, marked A, and made a part of this agreement.

2. That the defendant, Morris Levi, on the 25th of March, 1872, did sell one quart of spirituous and alcoholic liquors to one James Abernathy."

The oath and bond are in proper form. It is first objected, that, the venue is not shown. We cannot agree to this construction of the agreement. The admission of the fact of sale must be construed

with reference to the presentment which charges it to have been had in Giles County. The sale is the only fact admitted by the defendant; the terms of the agreement show that the question of its lawfulness is reserved for the Court. It is not like a case where the entire facts are to be ascertained by a jury when no intendment can be made. We are to take the charge of the fact and its admission as an entirety, to be interpreted as a single instrument. We can see no good reason why, in misdemeanors in which there is no controversy about facts, the State and defendant may not agree to the facts, and leave the law to the Court; by this arrangement they accomplish the only end in the province of a jury, by the substitution of an agreement for the verdict of a jury. The oath and bond being sufficient in form and substance, and in strict compliance with the Statute, and there being nothing in the Statute restricting their obligation to any prescribed period of time, we hold the law has been observed in every particular.

Reverse the judgment, and discharge the plaintiff in error.